**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
OHIO
WESTERN DIVISION**

| | |
|---|---|
| Richard Dean Robinson, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:13-CV-75 |
| | ) |
| vs. | ) |
| | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of August 9, 2016 (Doc. No. 23) and Plaintiff Richard Dean Robinson's objections to the Report and Recommendation. Doc. No. 25. In her report, Judge Bowman concluded that the Administrative Law Judge's ("ALJ") decision finding that Plaintiff is not disabled under the Social Security regulations because he has the residual functional capacity to perform several jobs that exist in significant numbers in the national economy was supported by substantial evidence. Judge Bowman recommended that the ALJ's decision be affirmed and the case be closed on the docket of the Court. Upon de novo review of Magistrate Judge Bowman's Report and Recommendation, the Court agrees that the ALJ's decision finding that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence. Fed. R. Civ. P. 72(b). Accordingly, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED**.

1. The ALJ's decision to give significant weight to the opinions of state agency reviewing physicians who concluded that Plaintiff has the physical residual functional capacity to perform a limited range of sedentary work was supported by substantial evidence. As Magistrate Judge Bowman accurately stated in her report, there are no opinions from a treating physician which state that Plaintiff's impairments preclude him from performing work-related activities. While Plaintiff continued to receive treatment for back pain and radicular pain after the date of the last reviewing physician's opinion, there are no opinions from acceptable medical sources in the subsequent medical records which indicate that Plaintiff has functional limitations not already considered by the agency physicians. The opinions of Mr. Keeton, Plaintiffs certified nurse practitioner, are not entitled to any particular weight because he is not an acceptable medical source. Cruse v. Commissioner of Social Sec., 502 F.3d 532, 541-42 (6th Cir. 2007); 20 C.F.R. § 404.1513(d)(1). The ALJ, however, fulfilled his duty to consider Mr. Keeton's opinion and discounted it for appropriate reasons, in particular because the extreme limitations indicated in his medical source statement are not supported by progress notes. Tr. 16.

Finally, the record does not support Plaintiff's contention that Mr. Keeton's opinion was endorsed by a Dr. Roy Adams. Tr. 928. There is a signature that appears below Mr. Keeton's signature, but as Judge Bowman stated, it is illegible. The Court notes further that Plaintiff's counsel did ask Mr. Keeton to have a physician countersign his opinion because CNP's are not acceptable medical sources. Tr. 922. Nevertheless, even if the Court assumes that the illegible signature is Dr. Adams's signature, the opinion suffers from the same defect - there are no progress notes from Dr. Adams supporting the opinion. Dr.

2

Adams, moreover, may not even qualify as a treating physician inasmuch as his name does not otherwise appear on any medical records in the case file.

2. The ALJ did not err by not calling a medical expert to evaluate the effects of his medications on his stability and his ability to maintain concentration.  The ALJ was not required to obtain a medical expert to assist in evaluating and interpreting the medical evidence.  Rudd v. Commissioner of Social Sec., 531 Fed. Appx. 719, 726 (6th Cir. 2013).

3. The ALJ did not violate SSR 02-1p in evaluating Plaintiff's obesity. Generally speaking, SSR 02-1p requires the ALJ to consider the claimant's obesity in determining whether the claimant has an impairment, whether the impairment is severe, whether the claimant meets or equals a listed impairment, and whether obesity prevents the claimant from performing his past relevant work or other work that exists in significant numbers in the national economy.  In this case, the ALJ specifically found that Plaintiff's obesity is a severe impairment but that it does not by itself or in combination with other impairments equal a listed impairment.  Tr. 8-9. Although the ALJ did not discuss Plaintiff's obesity in considering its effect on his ability to perform his past relevant work or other work in the national economy, he did make a specific finding that the record does not show that Plaintiff has obesity-related work limitations.  Tr. 9.  Plaintiff does not cite any evidence or medical opinions which indicate that his obesity imposes any work-related limitations.  Cf. Coldiron v. Commissioner of Social Sec., 391 Fed. Appx. 435, 443 (6th Cir. 2010) (ALJ complied with SSR 02-1p in developing claimant's RFC where he credited medical opinions that accounted for claimant's obesity). The Court concludes, therefore, that the ALJ substantially complied with SSR 02-1p.

4.  Plaintiff appears to suggest that the ALJ erred in relying on the opinions of the state agency consulting physicians.  <u>See</u> Doc. No. 25, at 3 ¶ 6.  As already stated, however, there were no opinions from medically-acceptable treating sources that contradicted the opinions of the state agency physicians. 20 C.F.R. § 416.927(c)(2) (treating physician rule); 20 C.F.R. § 416.927(e)(2)(I) (noting that state agency physicians are highly-qualified and considered experts in Social Security disability evaluation). Accordingly, the ALJ did not err in crediting the opinions of the state agency physicians.

5.  The ALJ did not err in his hypothetical to the vocational expert.  The state agency examining psychologist, Dr. Heiskell, issued a report stating that due to mental impairments, Plaintiff should be limited to performing jobs with only simple and routine tasks in order to accommodate deficiencies in maintaining attention, concentration, persistence and pace.  Tr. 765.  Dr. Heiskell opined that Plaintiff would make repeated errors with tasks requiring ongoing accuracy and concentration.  Tr. 766.

In his hypothetical to the vocational expert, the ALJ, in part, asked her to assume a person who is limited to performing jobs with simple, routine, repetitive tasks and that he can only understand, remember, and carry out short and simple instructions.  Tr. 67.  The ALJ testified that such a person could perform such jobs as stuffer, optical goods final assembler, dowell inspector, and document preparer.  Tr. 71-72.  On cross-examination by Plaintiff's counsel, the vocational expert testified that if the hypothetical person made repeated errors in performing these jobs he would be precluded from employment.  Tr. 74. Importantly, however, there are no medical opinions stating that the hypothetical person would make repeated errors when performing jobs with simple, routine tasks, as counsel's cross-examination appeared to assume.  Indeed, the purpose of limiting Plaintiff to jobs

with only simple, routine tasks was because he would make repeated errors performing jobs requiring sustained accuracy and concentration. Consequently, the vocational expert's testimony does not conflict with Dr. Heiskell's opinion and the ALJ's hypothetical accurately accounted for Plaintiff's mental limitations. Ealy v. Commissioner of Social Sec., 594 F.3d 504, 516 (6th Cir. 2010) ("In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments.").

6.  The ALJ did not err by substituting his medical judgment for that of the medical experts nor does the record support a finding that the ALJ based his decision on his own interpretation of the medical evidence. Indeed, the ALJ's decision is quite specifically based on the opinions of state agency physicians and psychologists.

7.  The ALJ's adverse credibility determination was supported by substantial evidence. In particular, as both the ALJ and Magistrate Judge Bowman noted, Plaintiff's own treating surgeon, Dr. Bernard, described Plaintiff as having a "nonphysiologic" limp. Tr. 857. Dr. Bernard also observed that Plaintiff walked with a normal gait and stride when he was distracted. Id. On another occasion, Dr. Bernard stated that Plaintiff's antalgic gait was "slightly exaggerated." Tr. 859. These critical observations of Plaintiff's behavior by his own doctor constitute substantial evidence sustaining the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his impairments are not supported by the record. Tr. 14.

8. Finally, the Court's review of the ALJ's decision finds that he complied or substantially complied with all the applicable Social Security regulations. Consequently,

5

reversal of the ALJ's decision is not required for failing to follow Social Security regulations. Cole v. Astrue, 661 F.3d 931, 940-41 (6th Cir. 2011) (failure to follow agency regulations denotes a lack of substantial evidence even where the record otherwise supports the ALJ's decision).

Conclusion

The ALJ's decision finding that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence for the reasons stated in Magistrate Judge Bowman's Report and Recommendation.  Accordingly, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ finding that Plaintiff is not disabled is **AFFIRMED.  THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date September 19, 2016                                   s/Sandra S. Beckwith
                                                              Sandra S. Beckwith
                                                              Senior United States District Judge